UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM SKINNER, A FLORIDA
LIMITED LIABILITY COMPANY;
ORGANIC SPACES, LLC, A
FLORIDA LIMITED LIABILITY
COMPANY,

    Plaintiffs,

v.

Case No. 2:25-cv-369-JLB-KCD

GALLEON COMPANIES LLC, A
FLORIDA LIMITED LIABILITY
COMPANY; JOHN BARNES II,
TOM POHLMAN II,

    Defendants,
_____/

## ORDER

Before the Court is Defendants John Barnes II and Tom Pohlman II's Verified Motion to Quash Service of Process. (Doc. 12.)[1] No response was filed, so the Court treats the motion as unopposed. *See* Local Rule 3.01(c). For the reasons below, the motion is granted.

This employment case was filed in state court in September 2024. (Doc. 4.) While pending in state court, Plaintiffs made a single attempt to serve Barnes and Pohlman. (Doc. 1-3 at 54, 54.) Several months later, Plaintiffs

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

finally served Defendant Galleon Companies LLC via the Florida Secretary of State. Defendants then removed the case to this Court. (Docs. 1, 2.)

"Constitutional due process requires that litigants have notice of an action brought against them and an opportunity to be heard." *Baxter v. Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 (M.D. Fla. Feb. 14, 2023). "Thus, after a complaint is filed, a plaintiff is responsible for having the summons and complaint served on a defendant." *Id*. In a removal case, like here, the sufficiency of service is governed by state law. *See Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985). For individual defendants, Florida law provides for personal service on the individual or delivery to the usual place of abode. *See* Fla. Stat. § 48.031. shaperone

Service was attempted on Barnes at a business address—411 5th Ave. S, Ste. 201, Naples, Florida—but the office was allegedly vacant. (See Doc. 1-3 at 54.) Service was attempted on Pohlman at a residential address—2205 Hawksridge Drive, 904, Naples, Florida—but the current residents claimed they had been renting the property for the last six months. (*Id.* at 58.) Believing Barnes and Pohlman were evading service, Plaintiffs served them through the Florida Secretary of State under Fla. Stat. §§ 48.161, 48.181. (Doc. 1-3 at 67, 69; Doc. 5 at ¶ 8-9.) Barnes and Pohlman have now appeared and move to quash the service as improper. (Doc. 12.)

Service on an individual concealing his whereabouts is governed by Fla. Stat. § 48.181, which provides:

> Any individual...that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action or proceeding against it...arising out of any transaction or operation connected with or incidental to any business or business venture carried on this state by such individual or business entity....Service pursuant to this section must be effectuated in the manner prescribed by s. 48.161.

Fla. Stat. § 48.181(4), (6).

Section 48.161, in turn, requires that "due diligence was exercised in attempting to locate and effectuate personal service on the party." Fla. Stat. § 48.161(2); *see also HDI Glob. Ins. Co. v. Amerijet Int'l Inc.*, No. 22-22235-CIV, 2023 WL 3778241, at *2 (S.D. Fla. May 5, 2023). To meet this standard, a plaintiff must demonstrate they: (1) made a diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances; (2) reasonably employed knowledge at its command; and (3) made an appropriate number of attempts to serve the party under the circumstances. Fla. Stat. § 48.161(3), (4)(a)-(c). Valid substituted service on the Secretary of State requires strict compliance with this statutory framework. *McGlynn v. El Sol Media Network Inc.*, No. 6:23-cv-531-PGB-LHP, 2024 WL 4201917, *4 (M.D. Fla. July 12, 2024).

Applying these rules here, and with no response from Plaintiffs, the Court does not find the requisite diligence. Plaintiffs made a single attempt

3

to serve Barnes and Pohlman. And the record is devoid of any effort to locate Barnes' home address, or an alternative address for Pohlman if Plaintiffs believed that he no longer lived there.[2] "There can be no finding of a diligent effort to effect service when there is no evidence of any effort." *Kirchik v. Cantrust Real Est. Enter., LLC*, No. 6:21-CV-1395-PGB-DCI, 2021 WL 7451917, at *2 (M.D. Fla. Dec. 6, 2021). Plaintiffs do "not address what knowledge [they] reasonably employed, what inquiries were made and if they were diligent, or how [they] exerted the effort to gather the necessary information to effect personal service on any Defendant." *Id*. With no showing of diligence, the Court must quash service.

There is another problem for Plaintiffs. Section 48.161 also requires that they provide "[n]otice of service and a copy of the process . . . by registered mail [or] by certified mail, return receipt requested." Fla. Stat § 48.161(2). According to the record before the Court, Plaintiffs did not provide this notice. (Doc. 12 at 6.)

Because the service on Barnes and Pohlman does not comply with Florida law, the Court will **GRANT** their motion to quash. *See Bar-Navon v. Mercedes Homes, Inc.*, No. 6:10-cv-1236-Orl-35KRS, 2010 WL 11626819, at *2

---

[2] In fact, Pohlman claims he has lived at the address where Plaintiffs attempted service for three years and continues to reside there.

4

(M.D. Fla. Oct. 19, 2010). **ORDERED**[3] in Fort Myers, Florida on May 30, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[3] A magistrate judge must issue a report and recommendation, subject to de novo review, for certain case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a magistrate judge may issue an order, subject to clear error review, for non-dispositive matters. *Id.* § 636(b)(1)(A). Defendants' motion falls into the latter category because it only seeks to quash service and does not dispose of any claim or defense. *See, e.g.*, *United States v. Faro*, No. 2:20-CV-769-JLB-NPM, 2022 WL 20815060, at *1 (M.D. Fla. July 11, 2022).