UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM SKINNER, A FLORIDA
LIMITED LIABILITY COMPANY;
AND ORGANIC SPACES, LLC, A
FLORIDA LIMITED LIABILITY
COMPANY,

      Plaintiffs,

   v.

GALLEON COMPANIES LLC, A
FLORIDA LIMITED LIABILITY
COMPANY,

      Defendant.
_____/

Case No. 2:25-cv-369-KCD-DNF

# **ORDER**

Before the Court is Defendant Galleon Companies LLC's Motion to Dismiss. (Doc. 11.)[1] Plaintiffs Adam Skinner and Organic Spaces, LLC have responded in opposition (Doc. 30), making this matter ripe. For the reasons below, the motion is granted in part and denied in part.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background[2]

This lawsuit stems from two contracts. Skinner had an employment agreement with Galleon where he received $130,000 annually, along with bonuses, in exchange for his services. (Doc. 5 at 2.) Separately, Skinner's company, Organic Spaces, agreed to "serve as a qualifier" for Galleon in exchange for $3,000 each month. According to the complaint, Skinner and Organic Spaces provided services to Galleon for about 13 months, but Galleon did not make the payments. (*Id.*)

As a result, Skinner emailed Galleon requesting payment, followed by a demand letter for $80,000 in unpaid salary, $81,000 in bonuses, and $60,000 for "claims for breach of the Contracting Agreement." (Doc. 5 at 15.) Galleon ended Skinner's employment following the letter. (*Id.* at 7.)

Plaintiffs then sued, alleging that Galleon violated the Fair Labor Standards Act (Count I), breached its agreement with Skinner and violated the Florida Minimum Wage Act (Count II), discharged Skinner in retaliation (Count III), was unjustly enriched (Count IV), and breached its agreement with Organic Spaces (Count V). (Doc. 5.) None of these claims should survive, according to Galleon, because the complaint is a "shotgun pleading" that lacks the factual detail needed under the Federal Rules of Civil Procedure. (Doc. 11.)

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

Plaintiffs disagree that the complaint is deficient but alternatively request leave to amend to address any factual deficiencies. (*See* Doc. 30.)

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When reviewing a motion to dismiss, courts must accept all factual allegations in the complaint as true and view the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). A motion to dismiss fails where the complaint provides facts that raise a right to relief above the speculative level.

## III. Discussion

**Count I: Unpaid Wages**

According to Galleon, Skinner's Fair Labor Standards Act ("FLSA") claim fails because he did not provide sufficiently specific facts to show that he worked unpaid hours. (Doc. 11 at 3-4.) The FLSA protects workers from substandard wages. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982). "To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay … minimum wages." *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Important for present purposes, an FLSA plaintiff need not specify the unpaid hours worked during the time of employment. This is because discovery can provide that information, and the absence of such details is not grounds for dismissal. *See Blake v. Batmasian*, 191 F. Supp. 3d 1370, 1374 (S.D. Fla. 2016).

The complaint here states that Galleon and Skinner "entered into a valid employment contract," that Galleon "was engaged in interstate commerce," and that Skinner performed work for Galleon, who paid "no compensation." (Doc. 5 at 2-5.) So put simply, Skinner worked for no pay. Nothing more is

needed to plead a claim under the FLSA. *See Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).

In arguing for a different result, Galleon relies on *Arroyo v. Steps to Recovery, Inc.*, No. 8:23-CV-0209-KKM-SPF, 2023 WL 2561538, at *1 (M.D. Fla. Mar. 17, 2023). There, the court dismissed an FLSA claim because the plaintiff failed to allege that she had actually worked. The plaintiff only claimed that she was entitled to a final paycheck. Those are not the facts here. Skinner claims he worked for Galleon and was paid nothing. (Doc. 5 at ¶ 31.) The Court is satisfied that the complaint provides enough facts to support each of the three elements needed to trigger the FLSA.

**Count II: Breach of Contract and Chapter 448**

As best the Court can tell, Count II includes two claims. It seeks relief for breach of contract *and* unpaid wages under "Chapter 448," which is a reference to the Florida Minimum Wage Act ("FMWA"). Galleon argues that this is improper, and the Court agrees. A complaint that pleads two entirely separate claims in one count is an impermissible "shotgun pleading." *Novak v. Cobb Cnty. Kennestone Hosp. Auth.*, 74 F.3d 1173, 1175 & n. 5 (11th Cir. 1996). While Federal Rule of Civil Procedure 8(d)(2) permits alternative claims within the same count, a breach of contract claim and a claim under the FMWA require entirely separate facts and must be pled separately to avoid confusion.

5

As for the breach of contract claim, the parties dispute whether Skinner must prove that a valid contract was formed. Under Florida law, "[t]o prevail on a breach of contract action, a plaintiff … must plead and prove[:] (1) *a valid contract*; (2) a material breach; and (3) damages. *Zabriskie v. First Protective Ins. Co.*, 413 So. 3d 958, 960 (Fla. Dist. Ct. App. 2025) (emphasis added). Skinner pled that the parties "entered into a valid … contract," that Galleon "failed and/or refused to make payments," as was required under the contract, and that Skinner "suffered damages." (Doc. 5 at ¶¶ 38, 49, 50.)

Nevertheless, Galleon asserts that Skinner "relies on two unsigned draft agreements to form the basis of his breach of contract claims," noting that the absence of Skinner's signature on the agreement invalidates the "meeting of the minds" necessary to establish a valid contract. (Doc. 11 at 7.) Skinner argues that this "asks the Court to weigh facts and inferences against the pleading—improper on a 12(b)(6) motion." (Doc. 30 at 4.) The Court agrees with Skinner.

At this stage, Skinner only needs to allege enough facts to support the claim that a valid contract exists; he need not prove it. The actual proof of these elements is provided later in the legal process through evidence and discovery. The facts alleged in the operative complaint, accepted as true, provide sufficient support for the elements of a breach of contract claim under Florida law.

Regarding the FMWA claim, the parties disagree on whether Skinner properly notified Galleon before filing suit. Under the FMWA,

> prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stat. § 448.110(6)(a). "Compliance with the FMWA's pre-suit notice provision [is] a condition precedent to filing a claim under § 448.110," and, therefore, "an element of the claim that the plaintiff has the burden of proving." *Kwasnik v. Charlee Fam. Care Servs. of Cent. Fla., Inc.*, No. 608-CV-926-ORL-31KRS, 2009 WL 1607809, at *5 (M.D. Fla. June 9, 2009); *see also Zequeira v. MMPB Grp., LLC*, 400 So. 3d 656, 659 (Fla. Dist. Ct. App. 2024). "Failure to comply with the FMWA's pre-suit notice requirement will result in dismissal of the claim." *Nichols v. Lab'y Corp. of Am.*, No. 2:13-CV-848-FTM-38, 2014 WL 820656, at *3 (M.D. Fla. Mar. 3, 2014).

According to Galleon, Skinner "has not established that he provided the [statutory] notice" because the demand letter he sent and attached to the complaint did not specify "the minimum wage claimed, the work dates and hours for which payment is sought, or the total amount of alleged unpaid wages." (Doc. 11 at 8.) The Court does not ordinarily consider exhibits outside

7

the four corners of the complaint at this stage but will consider the notice here because Skinner references it in the pleadings, relies on it to argue that the element of a condition precedent to suit was met, and filed it on the record. *McFalls v. NCH Healthcare Sys., Inc.*, No. 2:23-CV-572-SPC-KCD, 2024 WL 111920, at *2 (M.D. Fla. Jan. 10, 2024).

Galleon is correct that the demand letter does not specify the minimum wage, estimated hours worked, or the total amount owed to Skinner. (*See* Doc. 5 at 15.) Instead, it requests that Galleon pay, within 14 days, an "unpaid salary," "bonuses earned," and "claims for breach of the Contract Agreement" for the work Skinner and Organic Spaces allegedly performed. (*Id.*) Under the FMWA, this is insufficient. *See McFalls*, 2024 WL 111920, at *2 (dismissing an FMWA claim because the pre-suit notice included a demand for liquidated damages). The purpose of the pre-suit notice is to give the employer a fair chance to resolve the issue by paying the employee what is owed. *Id.* An employer cannot do that without being notified of the minimum wages due.

However, dismissal at this stage is inappropriate because Skinner's demand letter states that Galleon was given another notice via email. Because Skinner does not specify the contents of that notice in the complaint, an amendment is appropriate to clarify whether it complied with the requirements of the FMWA.

8

Amending the complaint is the proper measure to cure the shotgun pleading in Count II and to properly include the facts necessary to satisfy the pre-suit notice requirement of the FMWA. Count II is thus dismissed without prejudice and with leave to amend in accordance with the above.

**Count III: Retaliatory Discharge**

The FLSA makes it unlawful for:

> any person to discharge or in any other manner discriminate against any employee because such employee has *filed any complaint* or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3) (emphasis added). The statutory term "filed any complaint" includes oral as well as written complaints. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 4 (2011). To fall within that scope, "a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id*. Thus, establishing a prima facie case of FLSA retaliation requires a plaintiff to prove that: "(1) *she engaged in activity protected under the act*; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337 (11th Cir. 2000) (emphasis added).

9

Galleon argues that "Skinner's retaliatory discharge claim fails because [he] did not engage in protected activity under the FLSA." (Doc. 11 at 5.) According to Galleon, the complaint "is devoid of any allegation that [Skinner] did anything to put Galleon on notice of any alleged FLSA violations" because Skinner does not claim overtime pay violations or the failure to receive minimum wage for the work he did.

This argument fails. The complaint alleges that Skinner "engaged in protected activity under the FLSA[,] which included a demand for payment of wages," and that "[f]ollowing Skinner's request for payment of his wages, [Galleon] took adverse action against Skinner by terminating his position." (Doc. 5 at 7.) The demand letter attached to the complaint also states that Skinner emailed Galleon "requesting to be paid for past wages from April 28, 2023, through the date of the email." (Doc. 5 at 13.) Skinner's request to be paid for past wages is enough to trigger the FLSA—a statute enacted to ensure employees are paid fairly for their work. Count III is sufficiently pled to state a plausible claim of retaliatory discharge under the FLSA.

**Count IV: Unjust Enrichment**

Galleon presents several arguments regarding Skinner's unjust enrichment claim. First, it is a shotgun pleading that uses "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (Doc. 11 at 9.) Second, Skinner "fail[s] to allege any facts to establish that [he]

10

conferred a benefit on Galleon." (*Id.*) Third, the complaint "is devoid of any facts establishing that [he] performed any work or provided services that entitled [him] to receive compensation." (*Id.*) Fourth, "[Skinner] allege[s] . . . [he is] owed a reasonable attorneys' fee under Florida Statute Section 448.08, which is not connected to unjust enrichment." (*Id.*)

"Unjust enrichment is an obligation created by the law to remedy the unjust retention of a benefit conferred by another." *City Nat'l Bank of Fla. as Tr. of Land Tr. No. 2400-9492-00 v. Signature Land, Inc.*, 397 So. 3d 1133 (Fla. Dist. Ct. App. 2024). The elements of unjust enrichment are: "(1) the plaintiff conferred a benefit on the defendant, who has knowledge of the benefit, (2) the defendant accepts and retains the conferred benefit, and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it." *Id.*

The facts alleged here—specifically, that Skinner and Galleon had an employment agreement, that Skinner worked for Galleon, and that Galleon did not pay him—are the opposite of conclusory, vague, and immaterial. They offer a clear factual foundation to support the elements necessary to establish a plausible unjust enrichment claim.

But there is a separate problem with Count IV. Skinner demands attorney fees under the FMWA, Section 448.08. Like above, that is a claim

separate from unjust enrichment and must be pled in a separate count. Thus, Count IV is dismissed without prejudice and with leave to amend.

**Count V: Breach of Contract (Organic Spaces)**

Galleon briefly mentions that their contract with Organic Spaces is not enforceable because it "was not signed by either party and contains redlined revisions in multiple provisions." (Doc. 11 at 7.) According to Galleon, this leaves any breach of contract claim based on the contract deficient. But whether the contract is enforceable is a matter to be decided after discovery. Under the current complaint, Organic Spaces claims it reached an agreement with Galleon. (Doc. 5 at 3.) At this stage, the facts alleged are enough to state a facially plausible claim for breach of contract. Whether they are true is left to another day.

### IV. Conclusion

Accordingly, it is **ORDERED**:

Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs must amend the complaint to address the above deficiencies within fourteen days.

**ENTERED** in Fort Myers, Florida on October 30, 2025.

_Kyle C. Dudek_
Kyle C. Dudek
United States District Judge